GARY J. LORCH (State Bar No. 119989)
E-mail: glorch@gordonrees.com
ELIZABETH B. VANALEK (State Bar No. 206709 )
E-mail: evanalek@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Plaintiffs
SKINSOLUTIONS.MD, LLC, TRUVENTURE, INC.,
VISHAL VERMA, M.D., INC. and VISHAL VERMA, M.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SKINSOLUTIONS.MD, LLC, a California Limited Liability Company; TRUVENTURE, INC, a California Corporation; VISHAL VERMA, M.D., INC., a California Corporation; and VISHAL VERMA, M.D., an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GLOBAL BOOST MD, LLC; PHARMAMEDRX, LLC; TELLADERMMD, LLC; GAIL GENTILE, an Individual; ANDREW MCCULLOCH, an Individual, also known as ANDREW MCCULOCH; and ALEXEI JOUKOV,<br><br>Defendants. | Case No. 2:17-CV-1990<br><br>**COMPLAINT FOR:**<br><br>**1. FALSE ADVERTISING AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125;**<br>**2. CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT;**<br>**3. UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.;**<br>**4. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**5. VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(D); AND**<br>**6. TRADE LIBEL**<br><br>**DEMAND FOR JURY TRIAL** |



Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

PLAINTIFFS SKINSOLUTIONS.MD, LLC, TRUVENTURE, INC.,VISHAL VERMA, M.D., INC. and VISHAL VERMA, M.D. (collectively referred to herein as "Plaintiffs"), for their Complaint against GLOBAL BOOST MD, LLC, PHARMAMEDRX, LLC, TELLADERMMD, LLC, GAIL GENTILE, ANDREW MCCULLOCH, and ALEXEI JOUKOV (collectively referred to herein as "Defendants"), allege as follows:

## INTRODUCTION

1. In this case, Plaintiffs seek redress for the numerous misrepresentations, false advertising, and acts of unfair competition that Defendants have engaged in, all in an attempt to divert customers from Plaintiffs, and to destroy Plaintiffs' business and reputation, so as to unfairly, unjustly and illegally enrich themselves at Plaintiffs' expense. As detailed herein, Defendants have gone so far as to file false and fraudulent reports with various medical boards, pharmacy boards and nursing boards throughout the United States, hoping to enlist the assistance of these state boards in their unfair scheme.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that claims at issue herein at between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00. More specifically, and as set forth in greater detail hereinbelow, the claims subject of this action are between Plaintiffs who or which are residents of the State of California, and Defendants who or which are residents of the States of Delaware, Florida, Texas and/or Virginia. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

3. Venue is proper in this Court under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims subject of this action occurred.

4. This Court has personal jurisdiction over Defendants by virtue of their prior and ongoing marketing, promotion, offers for sale, and sales of beauty and aesthetic medical products throughout the State of California and in this judicial District. In addition, Defendant PharmaMedRx, LLC is qualified to do business in the State of California.

5. Venue is proper in this Division pursuant to General Order 16-05 because Defendant Global Boost MD, LLC resides in the Southern Division, having consented to jurisdiction and doing business in the Southern Division.

## THE PARTIES

6. Plaintiff SkinSolutions.MD, LLC ("SkinSolutions.MD") is now, and at all times relevant herein was, a Limited Liability Company organized and existing under the laws of the State of California, with its principal place of business in San Diego, California. At all times relevant herein, SkinSolutions.MD was and is the owner of the mark "SkinSolutions.MD" (the "Mark") having consistently used the Mark in commerce since on or about September 1, 2013. More specifically, since not later than September 1, 2013, Plaintiff adopted and has used the Mark for skin care and aesthetic products and services. On August 15, 2016, SkinSolutions.MD filed its application with the United States Patent and Trademark Office for registration of the Mark, where it was assigned Serial Number 87138364.

7. Since its initial use of the Mark, Plaintiff SkinSolutions.MD has conducted substantial advertising, marketing and promotion of the Mark. As a result of Plaintiff SkinSolutions.MD's more than three (3) year use and promotion of the Mark in connection with skin care and aesthetic products and services, including but not limited to the promotion and sale of the LATISSE® product,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

described below, the Mark has become famous with the relevant purchasing public and is recognized as identifying Plaintiff as a leader in high-quality skin care and aesthetic products and services, including but not limited to the LATISSE® product. The Mark and the goodwill associated therewith are valuable assets of Plaintiff SkinSolutions.MD.

8. Plaintiff Truventure, Inc. ("Truventure") is now, and at all times relevant herein was, a Corporation organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

9. Plaintiff Vishal Verma, M.D., Inc. ("Verma Inc.") is now, and at all times relevant herein was, a Professional Corporation organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

10. Plaintiff Vishal Verma, M.D. ("Verma") is now and at all times relevant herein was, an individual residing and working in San Diego, California. Dr. Verma is Board Certified and licensed to practice medicine in all 50 states and in The District of Columbia. He earned his MD from University of Miami followed by a Radiology residency at University of Chicago and MRI fellowship at the University of California, San Diego. Dr. Verma has owned and operated a successful medical aesthetic practice in San Diego for over 10 years and is considered an expert in this field.

11. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant Global Boost MD, LLC ("Global Boost") is now, and at all times relevant herein was, a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business in Virginia. Plaintiffs are further informed and believe, and upon such further information and believe allege, that Global Boost operates multiple websites including, but not necessarily limited to, ShopBeautymojo.com, Revoyoution.com, Latisse.md, Shoplatissemd.com, and Longlashesonline.com,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

that offer various beauty and aesthetic products for sale in many states, including but not limited to California.

12. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant PharmaMedRx, LLC ("PharmaMedRx") is, and at all times relevant herein was, a Limited Liability Company organized and existing under the laws of the State of Florida, with a principal place of business in North Palm Beach, Florida. Plaintiffs are further informed and believe, and upon such further information and belief allege, that PharmaMedRx is now, and at all times relevant herein was, qualified to do business and doing business in the State of California.

13. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant TellaDermMD, LLC ("TellaDermMD") is, and at all times relevant herein was, a Limited Liability Company organized and existing under the laws of the State of Florida, with a principal place of business in North Palm Beach, Florida.

14. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants PharmaMedRx and TellaDermMD are affiliated with, share common ownership with, and acted in concert with Defendant Global Boost in the wrongful conduct alleged herein. In particular, and without limitation, Plaintiffs are informed and believe, and upon such information and belief allege, that Global Boost has represented on its websites and elsewhere that Defendants PharmaMedRx and TellaDermMD are affiliated with or alter egos of Global Boost, and the websites of the Defendants are, or during the relevant time period have been, affiliated and linked to each other for purposes of the wrongful conduct alleged herein.

15. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant Gail Gentile is an individual currently residing in the State of Florida. Plaintiffs are further informed and believe, and upon such further

information and belief allege, that Ms. Gentile is now, and at all times relevant herein was, an officer, director, member, and/or managing agent of Defendants Global Boost, PharmaMedRx and TellaDermMD. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant Gentile conspired with each of the other Defendants named herein to engage in the wrongful conduct alleged herein. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant Gentile personally directed, approved, participated in, and profited from the wrongful conduct alleged herein.

16. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant Andrew McCulloch is an individual currently residing in the State of Florida. Plaintiffs are further informed and believe, and upon such further information and belief allege, that said Defendant sometimes also is referred to as "Andrew McCuloch." Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant McCulloch is now, and at all times relevant herein was, an officer, director, member, and/or managing agent of Defendants Global Boost, PharmaMedRx and TellaDermMD. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant McCulloch conspired with each of the other Defendants named herein to engage in the wrongful conduct alleged herein. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant McCulloch personally directed, approved, participated in, and profited from the wrongful conduct alleged herein.

17. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant Alexei Joukov is an individual currently residing in the State of Texas. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant Joukov is now, and at all times relevant herein was, an officer, director, member, and/or managing agent of

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Defendant Global Boost. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant Joukov conspired with each of the other Defendants named herein to engage in the wrongful conduct alleged herein. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant Joukov personally directed, approved, participated in, and profited from the wrongful conduct alleged herein.

18. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Defendants specifically named in this Complaint are in some manner, means, or degree, responsible, either jointly or severally, for the injuries, losses, and damages herein complained on by Plaintiffs. Plaintiffs are further informed and believe, and upon such further information and belief allege, that each of the Defendants named herein is, and at all times mentioned herein was, an agent, representative, privy, and/or employee and/or alter ego of the other Defendants, and each of them, and/or accepted the benefits and/or ratified the conduct of such other Defendants, which caused the losses, injuries, and/or damages herein complained of by Plaintiffs. Plaintiffs are further informed and believe, and upon such further information and belief allege, that at all times relevant herein, the Defendants specifically named in this Complaint, were the agents, servants, employees and representatives of each of the remaining Defendants, and were acting within the scope of their authority as such agents, servants, employees and representatives, and with the knowledge, consent, permission, approval and ratification of the remaining Defendants, and each of them. Plaintiffs will seek leave of this Court to amend this Complaint to show the true nature and extent of the relationships of the Defendants to their co-Defendants when said relationships have been fully ascertained.

19. Plaintiffs are further informed and believe, and upon such further information and belief allege, that at all times relevant herein, the Defendants

specifically named in this Complaint were and are, at all times relevant, the alter egos of each other, by reason of:

a. Plaintiffs are further informed and believe, and upon such further information and belief allege, that at all times relevant herein, Defendants Gentile and/or McCulloch dominated, influenced and controlled Global Boost, PharmaMedRx and TellaDermMD, and each of them, as well as the business, property and affairs of each of them;

b. Plaintiffs are further informed and believe, and upon such further information and belief allege, that at all times relevant herein there existed and now exists a unity of interest and ownership between and among Defendants Gentile, McCulloch, Global Boost, PharmaMedRx and TellaDermMD, such that the individuality and separateness of Defendants Gentile, McCulloch, Global Boost, PharmaMedRx and TellaDermMD have ceased;

c. Plaintiffs are further informed and believe, and upon such further information and belief allege, that since the formation of Defendants Global Boost, PharmaMedRx and TellaDermMD, each of them has been and now is a mere shell and naked framework which Defendants Gentile and/or McCulloch have used as a conduit for the conduct of her/his personal business, property and affairs;

d. Plaintiffs are further informed and believe, and upon such further information and belief allege, that at all times relevant herein, Defendants Global Boost, PharmaMedRx and TellaDermMD each was organized and formed by Defendants Gentile and/or McCulloch as a device to avoid individual liability and for the purpose of substituting financially incapable entities in place and instead of Gentile and/or McCulloch and, accordingly, Defendants Global Boost, PharmaMedRx and TellaDermMD

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

were formed with capitalization totally inadequate for the business in which said entity was engaged; and

e. By virtue of the foregoing, adherence to the fiction of the separate existence of Defendants Gentile, McCulloch, Global Boost, PharmaMedRx and TellaDermMD would, under the circumstances, sanction a fraud and promote injustices in that Plaintiffs would be unable to realize upon any judgment in their favor.

20. Plaintiffs are informed and believe, and upon such further information and belief alleges, that at all times relevant herein, the Defendants specifically named in this Complaint, including Defendants Gentile, McCulloch, Global Boost, PharmaMedRx and TellaDermMD, inclusive, acted for each other in connection with the conduct hereinafter alleged, and that each of them performed the acts complained of herein, or breached the duties herein complained of as the alter ego and/or agents of each other and each is therefore fully liable for the acts of the other.

**<u>FACTUAL ALLEGATIONS COMMOM TO ALL CLAIMS FOR RELIEF</u>**

A. <u>Defendants' Unauthorized Sale of LATISSE® Product and Infringement of the LATISSE® Trademark</u>

21. Plaintiffs are informed and believe, and upon such information and belief allege, that non-party Allergan, Inc. ("Allergan Inc.") is a corporation organized and existing under the laws of the State of Delaware.

22. Plaintiffs are informed and believe, and upon such information and belief allege, that non-party Allegan USA, Inc. ("Allergan USA") is a corporation and subsidiary of Allergan Inc., and on behalf of Allergan markets a portfolio of branded pharmaceuticals, devices, and biologic products for medical uses, including medical aesthetics and dermatology, for sale in the United States. Plaintiffs are further informed and believe, and upon such further information and belief allege, that among other products, Allegan USA has the exclusive right in

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

the United States to market and sell LATISSE®, which is an FDA-approved treatment to grow eyelashes for people with inadequate or not enough lashes. Plaintiffs are further informed and believe, and upon such further information and belief allege that Allergan is the owner of a federally registered trademark for LATISSE® (Registration No. 3620623). Allergan Inc. and Allergan USA are collectively referred to herein as "Allergan."

23. Plaintiffs are further informed and believe, and upon such further information and belief allege, that LATISSE® is available to patients only by prescription. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Allergan Inc., through one or more related entities, manufactures LATISSE®, and that Allergan USA then distributes LATISSE® to a network of authorized healthcare professional resellers in the United States pursuant to terms and conditions.

24. At all times herein relevant SkinSolutions.MD has been and currently is an authorized reseller of LATISSE®. At all times relevant, SkinSolutions.MD has its prescription products, including but not limited to LATISSE®, fulfilled by a licensed pharmacy.

25. Plaintiffs are informed and believe, and upon such information and belief allege, that Global Boost was an authorized reseller of LATISSE®, until its account with Allergan was terminated on or about August 11, 2016. Plaintiffs are further informed and believe that Defendant Global Boost, at the direction and with the personal participation of Defendants Gentile and McCulloch, resold LATISSE® products to consumers through multiple websites operated by Global Boost or its affiliates (including but not limited to Defendants TellaDermMD and PharmaMedRx) including, but not necessarily limited to, shoplatissemd.com, telladermmd.com, and mintrxpharmacy.com. During the time that Global Boost was an authorized reseller of LATISSE®, and to the present, it has been a direct competitor of Plaintiffs in and with respect to LATISSE®.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

26. Plaintiffs are informed and believe, and upon such information and belief allege, that on or about August 11, 2016, Allergan sent a cease and desist letter to Defendants Global Boost and Gentile, advising Defendants that their account with Allergan was terminated, and instructing Defendants to remove any and all mentions of any Allergan brand or product, including but not limited to LATISSE®, from its websites, social media accounts, and any materials used by Defendants in their business or practice.

27. Plaintiffs are informed and believe, and upon such information and belief allege, that in direct defiance of their receipt of the cease and desist letter, and the termination of their right to sell the LATISSE® product or to use the LATISSE® trademark in its business or practice, Defendants continued to offer for sale and sell LATISSE® products through various websites, including but not necessarily limited to shoplatissemd.com. Plaintiffs are further informed and believe, and upon such further information and belief allege, that in direct defiance of their receipt of the cease and desist letter, and the termination of their right to use the LATISSE® mark in their businesses, Defendants have continued to represent themselves to patients and the consuming public as "authorized" sellers of LATISSE®, and have continued to use the LATISSE® trademark without authorization or right.

28. Plaintiffs are informed and believe, and upon such information and belief allege, that in or about December 2016, a generic version of LATISSE® received approval from the FDA, and that Defendants thereafter began offering the generic version of LATISSE® through their websites. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendants continue to use the LATISSE® trademark, without authorization, but for purposes of selling a competing product. Plaintiffs are further informed and believe, and upon such information and belief allege, that Defendants sold the generic version under the name LATISSE®, passing it off as the branded product.

29. Plaintiffs are informed and believe, and upon such information and belief allege, that in order to sell product through the Groupon platform, Defendants forged the signature of Allergan on certain Groupon forms, without Allergan's knowledge or approval, to give Groupon the false perception that Allergan authorized Defendants to sell LATISSE®. Plaintiffs are further informed and believe, and upon such further information and belief allege, that unaware of the forgery, Groupon believed that Defendants were an authorized reseller for Allergan and allowed Defendants to sell product on the Groupon platform. It was not until later that Allergan discovered the forgery and brought it to Groupon's attention.

30. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants' conduct as described above has the natural consequence of causing confusion to patients and to the consuming public with respect to the LATISSE® product, and will continue to cause such confusion unless and until ceased.

B. <u>Defendants' Fraudulent Scheme With Respect To The Brilliant Distinctions® Program</u>

31. Plaintiffs are informed and believe, and upon such information and belief allege, that in connection with the sale of LATISSE® and other Allergan products, Allergan operates a customer loyalty program commonly known and referred to as Brilliant Distinctions®. Through the Brilliant Distinctions® program, patients who purchase or receive treatment with Allergan products can earn reward points that can be redeemed for discounts on future purchase of Allergan products or savings on future treatments. Patients who earn points through the Brilliant Distinctions® program can also donate their points to charities. Patients registered in the Brilliant Distinctions® program can also earn additional points by shopping at the Brilliant Distinctions Mall that features a wide variety of products through a collection of popular online retailers. Participants in



Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

the program are also able to receive email communications directly from Allergan and get priority notice of promotions and double-point offers. Patients do not have to stay with the same physician/re-seller in order to use their Brilliant Distinctions points, and can redeem their points for discounts with any authorized and participating provider.

32. Plaintiffs are informed and believe, and upon such information and belief allege, that when patients redeem their Brilliant Distinctions® points, the physician/re-seller who administered the treatment or sold the product then submits the transaction to Allergan, and in turn receives reimbursement for the discount provided.

33. Plaintiffs are informed and believe, and upon such information and belief allege, that the Brilliant Distinctions® program is governed by terms and conditions with both the patient and the physician/re-seller. Plaintiffs are further informed and believe, and upon such further information and belief allege, that during the time it was an authorized reseller of Allergan products, including LATISSE®, Defendant Global Boost enrolled in the Brilliant Distinctions® program, and agreed to the terms and conditions. Plaintiffs are informed and believe, and upon such information and belief allege, that a copy of the Brilliant Distinctions® program terms and conditions are attached hereto as Exhibit "1" and incorporated herein by this reference.

34. Plaintiffs are informed and believe, and upon such information and belief allege, that one of the principal purposes of the Brilliant Distinctions® program is to foster customer loyalty and to increase sales for authorized resellers of Allergan products (and ultimately for Allergan itself). Accordingly, the program expressly requires that patients be registered online and that "true, accurate, current, and complete information" about patients be provided, including name, physical address, email address, and date of birth. This information is necessary to allow patients to use their points with different or new physicians, and

to track their points and resolve any discrepancies. The Program rules make clear that "it's important that patients register with accurate information to ensure they are found properly." The Program terms also provide that points may not be transferred between accounts or users, and that points may not be issued until a treatment or sale is complete.

35. Plaintiffs are informed and believe, and upon such information and belief that, within the three (3) years last past, Defendants were operating a scam whereby they enrolled patients in the Brilliant Distinctions® program using fake email addresses, collected points on the patient's behalf, redeemed the points themselves almost immediately, and personally collected the reimbursements from Allergan.

36. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants Alexei Joukov and Gail Gentile, at that time known as Gail Joukov, orchestrated a scheme to defraud Allergan and its customers whereby Mr. Joukov and Gail Gentile sent or caused to be sent patient information on these customers to constituents in Russia to create the fake email addresses. Defendants Alexei Joukov and Gail Gentile did not have the permission from Allergan or the patients to use or send the patient information anywhere, let alone outside the country. Defendants Alexei Joukov and Gail Gentile were or are principals of Global Boost and thereby were in a position to personally benefit from this scheme. Defendant Alexei Joukov, himself and with and through his constituents, created fake email addresses to impersonate the identities of the patients. Defendant Alexei Joukov, himself and with and through his constituents, then used these fake email addresses, posing as the patients, to unfairly exploit the Brilliant Distinctions® program in order to redeem points and collect reimbursements. Neither Alexei Joukov, Gail Gentile nor their constituents sent any of the money to Allergan customers. While orchestrating this scheme,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Defendants Alexei Joukov and Gail Gentile collected or caused to be collected at least $3 million intended for Allergan customers.

37. Plaintiffs are further informed and believe, and upon such further information and belief allege, that these patients never knew they were enrolled in the Brilliant Distinctions® program, were not made aware of the program, did not give permission for their information to be sent out of the country, were not aware of their accrued points or other available benefits, and did not receive some or all of the discounts that accrued to the accounts falsely and fraudulently set up in their names.

38. Plaintiffs are informed and believe, and upon such information and belief allege, that through this scheme, Defendants fraudulently collected all of the rebate money from Allergan that Allergan intended for its customers, which amounted to at least $3 million.

39. Plaintiffs are informed and believe, and upon such information and belief allege, that as a result of their scheme, as described above, Defendants engaged in unfair competition with Plaintiffs, especially with respect to the marketing, promotion and sales of LATISSE®. More specifically, beginning in or about September 2013, Defendants engaged in a "pricing war" with respect to LATISSE®, driving the price down from a fair market value of $119 for one order to $85 per order. This "pricing war" continued until August 2016, when Allergan terminated Defendants' right to sell LATISSE®. Plaintiffs are now informed and believe, and upon such information and believe allege, that Defendants were able to lower the price that LATISSE® was offered to patients and to the consuming public because Defendants were fraudulently stealing from Allergan and patients the rebates offered and obtained through the Brilliant Distinctions® program.

40. Plaintiffs are informed and believe, and upon such information and belief allege, that as a result of Defendants' fraudulent and unlawful scheme, Plaintiffs have been damage in an amount of not less than $1.7 million,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

representing the difference between the artificially reduced price at which Plaintiffs were forced to sell LATISSE® due to Defendants' fraudulent and unlawful scheme and the fair market price for LATISSE® that Plaintiffs would have been able to sell that product but for the fraudulent and unlawful scheme.

41. Plaintiffs are informed and believe, and upon such information and belief allege, that as a result of Defendants' fraudulent and unlawful scheme, Defendants have been unjustly enriched in an amount presently unknown, but reasonably believed to be in excess of $1 million.

42. Plaintiffs are informed and believe, and upon such information and belief allege, that beginning in or about March 2015, Defendants launched a website using the domain name "skinsolution.md" which is just one letter different from the Mark which has been used by Plaintiff SkinSolutions.MD in commerce, "skinsolution<u>s</u>.md," since approximately September 1, 2013. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendants' launching and use of the website under the domain name "skinsolution.md" was intended by Defendants to unfairly compete with Plaintiffs by confusing patients and the consuming public as to the owner and source of the goods and services offered by and through that website, and to divert sales of LATISSE® from Plaintiffs to Defendants. More specifically, and without limitation, Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants' use of the "skinsolution.md" domain name was directed to actual and potential purchasers and users of LATISSE®, and that said use was done with actual knowledge of Plaintiffs' rights in the Mark. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendants' use of the "skinsolution.md" domain name was done in conscious disregard of Plaintiffs' rights.

43. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendants Gentile and/or McCulloch were the

administrative and/or technical contact for the domain name "skinsolution.md" and/or otherwise personally authorized, directed, and approved the use by Global Boost of that domain name.

44. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendants Gentile and McCulloch individually and jointly exercised control and dominion over Global Boost and its use of the "skinsolution.md" domain name.

45. On May 15, 2015, and again on June 8, 2015, Plaintiffs, by and through their attorneys, transmitted cease and desist letters to Defendants, demanding that they immediately cease and desist from their use of the "skinsolution.md" Mark, and their operation of the website using the "skinsolution.md" domain name. Defendants failed to take down the infringing website until in or about July or August 2015.

46. Plaintiffs are informed and believe, and upon such information and belief allege, that as a result of Defendants' operation of the infringing "skinsolution.md" website, substantial confusion was created among patients and the consuming public, and substantial sales were diverted from Plaintiffs to Defendants.

D. <u>False Statements and Complaints Made By Defendants</u>

47. As yet another act of unfair competition, Plaintiffs are informed and believe that, in the one year last past, Defendants Gentile and McCulloch have been making frivolous complaints to medical boards, pharmacy boards, and other state and federal agencies in various states across the United States. In particular, said Defendants have made statements to said boards that there is a "danger" to patients in ordering LATISSE® from SkinSolutions.MD. These complaints and statements are false, and were known to be false by Defendants when made. For example, Defendant McCulloch and his Mother, Cherry Edgerton-Bird (also sometimes known as "Cherry Bird") ("Mother") each have ordered LATISSE®

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

from Plaintiff SkinSolutions.MD, despite the fact that Defendant McCulloch, through TellaDermMD, himself sells LATISSE® and thus McCulloch is well aware of the high safety profile of Latisse®, and, further, because McCulloch, sells Latisse® through TellaDermMD, neither he nor his Mother would have any legitimate need to order Latisse® from SkinSolutions.MD.

48. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendant McCulloch encouraged and caused his Mother to also make false statements to medical boards, pharmacy boards, and other state and federal agencies about concerns she had with SkinSolutions.MD. These complaints and statements are false, and were known to be false when made.

E. Defendants Operated Without Required License

49. As yet another series of acts of unfair competition, Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants operated their business, and sold and distributed LATISSE®, without the requisite medical or pharmacological license. For example, and without limitation, Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant Gentile formed Global Boost in 2008, and began selling LATISSE® sometime thereafter. Plaintiffs are further informed and believe, and upon such further information and belief allege, that notwithstanding the fact that Defendants were shipping LATISSE® nationwide and internationally, none of the Defendants had a pharmacological license, or was otherwise permitted to ship LATISSE® nationwide, until August 2016.

50. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants sold and distributed LATISSE® without any prescriptions having been issued. Plaintiffs are further informed and believe, and upon such further information and belief allege, that Defendants sold and shipped tens of thousands of LATISSE® kits for years with no pharmacy or medical licenses, for a total sales price estimated to be in excess of $28 million.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## FIRST CLAIM FOR RELIEF

(False Advertising and Unfair Competition Under 15 U.S.C. § 1125
By All Plaintiffs Against All Defendants)

51. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 50 of this Complaint, as if set forth in full herein.

52. At all times relevant herein, Defendants were direct competitors of Plaintiffs with respect to LATISSE® products.

53. In marketing, advertising, promoting and selling LATISSE® products, Defendants have engaged, and continue to engage, in false designation of origin, false or misleading description, and/or false advertising and unfair competition in violation of Section 43(a) of the Lanham Act by, *inter alia*, engaging in the following conduct:

A. Representing Defendants to patients and other consumers as an "authorized" seller of LATISSE® products, when they are not;

B. Claiming to have received an award from Allergan for "ethical practice" and "safely compliance" when they did not;

C. Misrepresenting the generic version of LATISSE® to be Allergan-branded LATISSE®, when it is not;

D. Enrolling patients in Brilliant Distinctions® accounts, and then not passing on the program rewards to them, preventing them from obtaining additional discounts or other promotional materials from Allergan, preventing them from using their points with other doctors or re-sellers (including Plaintiffs), and preventing patients from using accrued points for other Allergan products that Global Boost did not sell; and

E. Using the Brilliant Distinctions® program scheme to unfairly enrich themselves and artificially deflate prices for Allergan products, including but not limited to LATISSE®.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

54. Defendants' false description, false representation, and false and misleading advertising and unfair competition is and was knowing, willful, deliberate and in bad faith, therefore making this an exceptional case within the meaning of 15 U.S.C. § 1117.

55. Defendants' false description, false representation, and false and misleading advertising and unfair competition likely deceived and continue to deceive, and had and have the tendency to deceive a substantial segment of the intended audience. The deception was and is material, and has influenced, and is likely to continue to influence, patients' purchasing decisions.

56. Plaintiffs have been injured by Defendants' false description, false representation, and false and misleading advertising and unfair competition. As a direct and proximate result of Defendants' false description, false representation, and false and misleading advertising and unfair competition, Plaintiffs have suffered, currently suffer, and will continue to suffer irreparable harm to their reputation, business and goodwill. Plaintiffs therefore are entitled to recover damages in an amount to be proved at trial, but currently estimated to be in excess of $1.7 million.

57. The damage to Plaintiffs as a result of Defendants' false description, false representation, and false and misleading advertising and unfair competition cannot be fully measured or compensated in economic terms. Defendants' actions have damaged and will continue to damage Plaintiffs, and infringe on Plaintiffs' rights, reputation and goodwill, and may discourage patients from dealing with Plaintiffs. Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**SECOND CLAIM FOR RELIEF**

(California Common Law Trademark Infringement
By All Plaintiffs Against All Defendants)

58. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 50 of this Complaint, as if set forth in full herein.

59. Plaintiffs built up substantial goodwill in its highly distinctive Mark SkinSolutions.MD. Defendants sought to trade upon, and in fact did trade upon, the goodwill associated with the Mark, without authorization from Plaintiffs. Defendants' wrongful use of the name skinsolution.md comprised an infringement of Defendants' rights in and to the Mark "SkinSolutions.MD" and was likely to cause and, on information and belief did cause, confusion, mistake and deception of the public as to the identity and origin of SkinSolutions.MD's goods and services, causing damage to Plaintiffs' reputation, business and goodwill. Plaintiffs therefore are entitled to recover damages in an amount to be proved at trial, but currently estimated to be in excess of $100,000.

60. Defendants' conduct, as described herein, was willful, warranting treble damages.

**THIRD CLAIM FOR RELIEF**

(Unfair Competition Under California Business and Professions
Code § 17200 *et seq.* By All Plaintiffs Against All Defendants)

61. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 50 of this Complaint, as if set forth in full herein.

62. Defendants' conducts, as described above, constitutes unlawful, unfair, deceptive, and fraudulent business practices in violation of California Business and Professions Code § 17200 *et seq.*

63. Plaintiffs were and continue to be damaged by Defendants' conduct.

64. The above-described conduct was intended to produce and, on information and belief, has produced substantial profits for Defendants, at the expense and to the detriment of Plaintiffs.

65. Plaintiffs have suffered monetary damage, in an amount to be proved at trial, as well as substantial injury to its reputation and goodwill, as a direct and proximate result of Defendants' conduct as alleged herein. Defendants' conduct also has caused, and is continuing to cause, irreparable injury to Plaintiffs' business, reputation and goodwill, thereby entitling Plaintiffs to injunctive relief.

## FOURTH CLAIM FOR RELIEF

(Intentional Interference With Prospective Economic Advantage By All Plaintiffs Against All Defendants)

66. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 50 of this Complaint, as if set forth in full herein.

67. At all times relevant herein there existed an economic relationship between Plaintiffs and existing and potential customers of LATISSE® products.

68. At all times relevant herein, Defendants had knowledge of the economic relationships that existed between Plaintiffs and existing and potential customers of LATISSE® products.

69. The conduct by Defendants described above was intentional and was designed and intended by Defendants to disrupt the economic relationships that existed between Plaintiffs and existing and potential customers of LATISSE® products.

70. The conduct by Defendants described above actually disrupted the economic relationships that existed between Plaintiffs and existing and potential customers of LATISSE® products, by diverting sales of said products from Plaintiffs to Defendants.

71. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount to be proved at trial.



Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

72. The conduct described above was intentional, fraudulent, and malicious, thereby entitled Plaintiffs to an award of punitive and exemplary damages as against Defendants and each of them.

**FIFTH CLAIM FOR RELIEF**

(Violation of the Anti-Cybersquatting Consumer Protection Act,
15 U.S.C. § 1125(d), By All Plaintiffs Against All Defendants)

73. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 50 of this Complaint, as if set forth in full herein.

74. By engaging in the conduct described above, specifically, the adoption and use of the "skinsolution.md" domain name, Defendants violated the provisions of the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and evidenced a bad faith intent to profit from Plaintiffs' "SkinSolutions.MD" Mark, which Mark was distinctive at the time of Defendants' adoption and use of the "skinsolution.md" domain name, which domain name is virtually identical and confusingly similar to Plaintiffs' Mark."

75. As a direct and proximate result of Defendants' violation of said Act, Plaintiffs have been damaged in an amount to be proved at trial.

**SIXTH CLAIM FOR RELIEF**

(Trade Libel By All Plaintiffs Against All Defendants)

76. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 50 of this Complaint, as if set forth in full herein.

77. In making the statements to the medical boards, pharmacy boards, and other state and federal agencies described above, Defendants made statements that disparaged Plaintiffs, their business and their products.

78. The statements described above by Plaintiffs to the medical boards, pharmacy boards, and other state and federal agencies were couched as fact, and not as opinion.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

79. The statements described above by Plaintiffs to the medical boards, pharmacy boards, and other state and federal agencies were false when made, and known by Defendants to be false when made.

80. The statements described above by Plaintiffs to the medical boards, pharmacy boards, and other state and federal agencies were made with malice.

81. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount to be proved at trial.

82. The conduct described above was intentional, fraudulent, and malicious, thereby entitled Plaintiffs to an award of punitive and exemplary damages as against Defendants and each of them.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as against Defendants, and each of them, as follows:

1. For compensatory damage in an amount to be proven at trial;
2. For treble damages as permitted by law;
3. For statutory penalties as permitted by law;
4. For a temporary restraining order, preliminary and permanent injunction as permitted by law;
5. For an accounting of Defendants' profits;
6. For restitution and disgorgement by Defendants of their profits;
7. For attorneys' fees as permitted by law;

///
///
///
///
///
///
///

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

8. For prejudgment interest as permitted by law; and

9. For such other and further relief as the Court deems just and proper.

Dated: March 13, 2017

GARY J. LORCH
ELIZABETH B. VANALEK
GORDON & REES LLP

By:____________________________
GARY J. LORCH
Attorneys for Plaintiffs
SKINSOLUTIONS.MD, LLC,
TRUVENTURE, INC.,
VISHAL VERMA, M.D., INC. and
VISHAL VERMA, M.D.

**DEMAND FOR JURY TRIAL**

Plaintiffs SKINSOLUTIONS.MD, LLC, TRUVENTURE, INC., VISHAL VERMA, M.D., INC. and VISHAL VERMA, M.D. demand a jury trial as to all claims and issues triable to and by a jury.

Dated: March 13, 2017

GARY J. LORCH
ELIZABETH B. VANALEK
GORDON & REES LLP

By:____________________________
GARY J. LORCH
Attorneys for Plaintiffs
SKINSOLUTIONS.MD, LLC,
TRUVENTURE, INC., VISHAL VERMA,
M.D., INC. and VISHAL VERMA, M.D.